**LI HAN XU, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

**No. 04–1196–ag.**

United States Court of Appeals, Second Circuit.

May 26, 2006.

cedure 43(c)(2), Attorney General Alberto R.

Fengling Liu, New York, NY, for Petitioner.

Bradley J. Schlozman, United States Attorney, Western District of Missouri, Joel F. May, Assistant United States Attorney, Kansas City, MO, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. JOSÉ A. CABRANES, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Li Han Xu, though counsel, petitions for review of the BIA decision affirming the decision of Immigration Judge ("IJ") Roxanne Hladylowycz denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003. 1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir. 2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun*

*Zhang v. INS,* 386 F.3d 66, 73 (2d Cir. 2004).

The IJ determined that Xu had provided implausible testimony, testified inconsistently with his airport interview, and failed to adequately corroborate his claims. While one of the IJ's four implausibility findings as well as the lack of corroboration determination were correct, because her implausibility findings regarding the enforcement of the Chinese family planning policy on a remote island, the interaction between local and national government entities with respect to the issuance of identification documents, and the repercussions for the wife of a government official for visiting with individuals who had violated the family planning policy were impermissibly speculative, and because the we cannot determine whether the conclusion that Xu testified inconsistently with an airport interview was proper because the record does not contain a copy of the interview, we cannot "confidently predict" that she would come to the same conclusion absent those errors. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 161–62 (2d Cir.2006).

Xu did not address the IJ's denial of CAT relief either in his appeal to the BIA or in his 7 brief, so he has waived any challenge to those findings. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005)

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this order. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is

---

Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

48

DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).